# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHER DISTRICT OF OHIO
# WESTERN DIVISION

John McQueen,                                               Case No. 3:16CV1026

       Plaintiff

       v.                                                               **ORDER**

Gary Branson,

       Defendant

       After a few months of employment with Goodwill Industries of Marion, Ohio, the plaintiff, John McQueen, was fired. He wants to bring a civil rights action under Title VII against two persons, Bob Jordan and Michael Roberts (but not against the sole individual he names in the caption, Gary Branson). Jordan and Roberts were, apparently, his supervisors; in any event, it appears from the complaint that they were responsible for the decision to fire the plaintiff.

       When he filed his complaint, plaintiff also submitted an application for leave to proceed *in forma pauperis*, but he did not provide the required indigency affidavit. I ordered him to do so by a date certain (Doc. 2); he failed to do so, and I dismissed the complaint for want of prosecution without prejudice. (Doc. 3).

       Now pending, plaintiff having submitted the necessary affidavit, is plaintiff's motion to reopen the case. (Doc. 5). His motion, filed about two months after the dismissal entry, explains his failure to meet the deadline by stating that he had been arrested shortly after he received my order.

Normally, I would grant a motion to reopen under such circumstances. In this instance, however, I decline to do so because of the manifest deficiencies of plaintiff's complaint. Simply put, plaintiff's complaint could not possibly survive a motion to dismiss.

First: plaintiff, as noted, does not name, much less state a plausible claim against, the one person identified in the caption.

Second: he has sued co-workers, not Goodwill Industries of Marion. There is no individual liability under Title VII. *See, e.g., Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997). Thus, even if he otherwise were able to proceed with his case, he could not prevail against the only defendant whom he has named in the caption or those others he named in the body of his complaint.

Finally: his complaint is entirely conclusory and does not state facts sufficient to show that he might be entitled to relief. It thus fails to meet the *Twombley/Iqbal* pleading standard. *See Bell Atlantic v. Twombley*, 550 U.S. 544, 555 (2007) (conclusory allegations insufficient to state a claim for relief).

Because plaintiff cannot prevail were I to grant his motion to reopen the case, it is hereby

ORDERED THAT the plaintiff's motion to reopen his case (Doc. 5) be, and the same is denied, and the complaint (Doc. 1) be, and the same hereby is, dismissed with prejudice.

An appeal from this order would be frivolous, and shall not be allowed without prepayment of the required filing fee.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

2